## Ira P. Bacon *vs.* Asa H. Waters & another.

If one who is charged with larceny in a complaint before a magistrate is held under recognizance to answer before the superior court, but not at the next or any regular term thereof, and at the next term of that court is indicted by the grand jury, on the same evidence which was before the magistrate, for fraudulently receiving the stolen goods, and not for the larceny, and the indictment is placed on file, and not pleaded to, the finding of the indictment is to be regarded as a continuation of the same prosecution, and placing it on file is not a termination thereof, so as to authorize the person indicted to maintain an action for malicious prosecution.

Tort for malicious prosecution.

At the trial in the superior court, the plaintiff offered to prove that the defendants without probable cause and with malice

caused and procured a complaint to be made before a trial justice, charging him with the crime of larceny, on which he was held under recognizance to answer before the superior court, but not at the next or any regular term thereof, and that at the next term of said court, through the malicious procurement of the defendants, a hearing was had before the grand jury upon the complaint, and no indictment for larceny was found against him. The plaintiff admitted, however, if evidence to prove the same would be competent, that, at the same term, and upon the same testimony which was before the trial justice, an indictment for feloniously receiving stolen goods was found against him, and placed on file, but never pleaded to by him. Upon this statement, *Lord*, J. ruled that the action could not be sustained, and a verdict was returned for the defendants, and the plaintiff alleged exceptions.

*W. A. Williams*, for the plaintiff.

*P. C. Bacon*, for the defendants, was not called upon.

BIGELOW, C. J. It is clear that, on the facts offered to be proved, the prosecution was not at an end, so as to enable the plaintiff to sustain an action for malicious prosecution. It is well settled that, when a party is arrested and bound over on a criminal charge, he must show, in order to prove a discharge and a termination of the prosecution, that no bill was found against him by the grand jury. 2 Greenl. Ev. § 452. *Morgan* v. *Hughes*, 2 T. R. 225. *Jones* v. *Given*, Gilb. Cas. 185, 220. The complaint in such case, being only a preliminary step, is regarded as part of the proceedings which are subsequently continued in the court, to which the party is bound to answer to that which may be found against him by the grand jury. But it does not follow that the prosecution, originally commenced by a complaint before a magistrate, is terminated, because the accused party is not charged by indictment with precisely the same offence as that set out in the complaint. If, on the same evidence, the grand jury present an indictment for a different offence from that charged before the magistrate, it does not destroy the identity of the prosecution, but only shows that different minds arrive at different conclusions from proof of the same facts. The

34 *

prosecution commenced against the party still continues, and cannot be said to be at an end until the indictment found by the grand jury is finally disposed of. In the case at bar, the only difference between the offence set out in the complaint and that laid in the indictment was, that the former charged the plaintiff as principal in committing the felony, and the latter as accessory after the fact. The line which separates a felonious taking as proved by recent possession of stolen property, and a receiving of it, knowing it to be stolen, is often indistinct and difficult to establish by proof. But the identity of the prosecution is none the less clear, because the nature of the evidence renders it difficult to ascertain whether the offence consists in an active commission of a felony, or in being accessory to it before or after the fact. The error in the recognizance did not affect the identity of the proceedings or prevent the continuance of the prosecution. It was regularly before the grand jury on the return of a copy of the complaint and warrant, and of the record of the proceedings before the magistrate. An erroneous recognizance, or the omission to take one, would in no way affect the liability of the party to answer to an indictment when found. It only released him from obligation to appear without further notice or arrest.

By placing an indictment on file, the prosecution is not ended. The defendant is liable at any time to be called on to answer to the charge. *Exceptions overruled.*